**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 22-41-DLB**

**RUSTY WEDDLE**                                                                                    **PLAINTIFF**


**v.**                            **MEMORANDUM OPINION AND ORDER**


**KEITH HELTON, ET AL.**                                                              **DEFENDANTS**

**\*\*\* \*\*\* \*\*\* \*\*\***

Plaintiff Rusty Weddle filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.  (Doc. # 1).  The Court has granted his motion to proceed *in forma pauperis* by separate Order.  The Court must review the complaint prior to service of process, and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).  At this stage, the Court accepts all non-conclusory factual allegations in the complaint as true and liberally construes its legal claims in the plaintiff's favor.  *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

In September 2020 Weddle was incarcerated at the Little Sandy Correctional Complex ("LSCC").  At that time, he requested a copy of his criminal case file from the Department of Public Advocacy so that he could file a motion for post-conviction relief.  (Doc. # 1 at 3).  When the documents arrived on September 18, 2020, Weddle was not given the originals.  Instead, LSCC officer Bear indicated that he would only make copies of the documents and give them to Weddle.  *Id.*  This was required by a policy instituted

by Warden Keith Helton.  *Id*. at 5.  Weddle alleges that the copies were imperfect and missing some information present in the originals.  Weddle alleges that he complained to prison officials but was ignored.  *Id*. at 3.

On October 29, 2020, prison officials offered Weddle with a second set of copies, but he asserts that they too were "incorrect" and he refused to accept them.  *See* (Doc. # 1 at 4).  Weddle states that he requested a second set of documents from the DPA, but he did not receive them until December 18, 2020.  *Id*.  Weddle further indicates that he wrote several letters to Captain Ramey in an effort to obtain the document originals sent in September, without success.  Weddle first states that his deadline to file his post-conviction motion is December 25, 2022, but also states that this deadline is "misleading," and that his real deadline was January 17, 2021.  *See Id*. at 5.  Weddle claims that as a result of the three-month delay in receiving his case file, he was not able to file a timely post-conviction motion to challenge his conviction.  *Id*.

Weddle filed inmate grievances regarding this issue.  He asserts that he filed a grievance on September 20, 2020, but he does not include a copy of it and states that he received no response.  Notwithstanding the impending deadline, Weddle took no action regarding his first grievance until he filed a second one two months later on November 24, 2020.  That grievance was denied at each level, concluding with the Commissioner's denial on March 24, 2021.  *See* (Doc. # 1 at 8; Doc. # 1-1 at 1-8).

In his Complaint, Weddle seeks damages from the defendants, as well as injunctive relief permitting him to file his post-conviction motion or seek other habeas relief as if it were timely filed.  *See* (Doc. # 1 at 11).  The Complaint was signed on April 5, 2022.  *See* (Doc. # 1 at 11).  However, Weddle signed other documents included with the

2

Complaint as late at May 17 or May 24, 2022.  *See* (Doc. # 1-6; Doc. # 1-7; Doc. # 3 at 6).  The Court received these documents on May 31, 2022.

The Court has thoroughly reviewed the Complaint and the materials filed in support of it, but concludes that it must be dismissed with prejudice.  Weddle does not precisely identify the legal basis for his claim, but at bottom he complains that the prison's incoming mail policy interfered with his access to the courts by delaying his receipt of legal materials needed to aid in filing his post-conviction motion.  *See* (Doc. # 1 at 5).

However, Weddle's allegations fail to state a viable access-to-courts claim because he says nothing about the underlying claims which, he alleges, he was prevented from asserting.  As the Supreme Court has explained:

> Whether an access claim turns on a litigating opportunity yet to be gained or an opportunity already lost, the very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong.  However unsettled the basis of the constitutional right of access to courts, our cases rest on the recognition that the right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court. ... the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation.

*Christopher v. Harbury*, 536 U.S. 403, 414-15 (2002).  Weddle having made no allegations about the underlying claims he wished to assert in his post-conviction motion, including both their factual basis and legal grounds, his Complaint fails to state a claim upon which relief may be granted. *See Brown v. Matauszak*, 415 F. App'x 608, 612 (6th Cir. 2011) ("Essentially, a claim for denial of access to the courts has unique pleading requirements: a plaintiff must plead a case within a case, alleging the law and facts sufficient to establish both the interference with his access to the courts, and the non-

frivolous nature of the claim that was lost.").   The Court will therefore dismiss the Complaint for failure to state a claim.

Notably, in August 2021 Weddle filed a Section 1983 complaint in this Court against the same three defendants asserting the same claims he now presents.   The Court promptly dismissed the action without prejudice on several technical grounds, as well as his failure to plead a viable claim that he was denied access to the courts because "Weddle does not identify - at least in any clear way - the underlying claim or claims the prison employees' actions prevented him from pursuing."   *Weddle v. Helton*, No. 0:21-CV-67-WOB (E.D. Ky. Aug. 23, 2021).   Weddle could have promptly attempted to amend that complaint, or file a new action with a better one.   But he did neither.   Instead, he waited nine months before he filed a new complaint that suffers from the same defect as its predecessor.   Weddle having failed to take advantage of numerous opportunities to file a viable complaint, the Court will dismiss this action.

Further, Weddle's claims are barred by the statute of limitations.   A Section 1983 claim accrues when the plaintiff was aware of the injury which forms the basis for his claims, or should have discovered it through the exercise of reasonable diligence.   *Johnson v. Memphis Light Gas & Water Div.*, 777 F. 3d 838, 843 (6th Cir. 2015).   Here, Weddle was plainly aware of his claim no later than September 18, 2020, when he complained when he was not provided originals of the documents sent by the DPA.   The limitations period began to run at that time.

Of course, Weddle was required to exhaust his administrative remedies before he could file suit.   *See* 42 U.S.C. § 1997e(a).   When a plaintiff is required to exhaust such remedies as a precondition to suit, the limitations period is tolled while he pursues those

remedies diligently and in good faith. *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000). Weddle alleges that he file a grievance regarding the issue in September 2020. However, he provides no documentation to support that assertion, while providing other grievance documents showing a second grievance he filed on November 24, 2021. More importantly, Weddle failed to take advantage of a prison rule that permitted him to appeal that initial grievance when the prison's deadline to respond to it passed fifteen days after he filed it. *See* CPP 14.6 § II(J)(5)(a) ("If a time limit for a response from Corrections staff is not met at any level, the grievant has the option of agreeing to a requested extension of the time limit or having the grievance forwarded without action to the next level of review."). Still, for purposes of discussion the Court will assume that Weddle is entitled to the most indulgent measure of equitable tolling to which he might conceivably be due: from September 20, 2020 until March 24, 2021, when the Commissioner denied his final appeal from the second grievance.

For claims like Weddle's which arose in Kentucky, the applicable limitations period is established by Ky. Rev. Stat. § 413.140(1)(a), the one-year statute of limitations for personal-injury actions. *Bonner v. Perry*, 564 F.3d 424, 431 (6th Cir. 2009). Weddle was therefore required to file suit within one year (less two days), which is by March 22, 2021. However, Weddle did not file his Complaint until on or about May 17, 2022,[1] more than two months after the statute of limitations had run. Because this is longer than the one

---

[1]     Under *Brand v. Motley*, 526 F.3d 921 (6th Cir. 2008), "a *pro se* prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court. ... absent contrary evidence, a prisoner does so on the date he or she signed the complaint." *Id*. at 925. As noted above, Weddle signed his Complaint on April 4, 2022. But he is not deemed to have filed it on that date because there is "contrary evidence" in the record, namely other documents he filed that indicate that Weddle waited 4-6 more weeks before he submitted his Complaint to prison officials for mailing. And even if April 4 were the deemed filing date, his Complaint would still be time-barred.

year permitted to file suit, Weddle's claims are time-barred and must be dismissed. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

Accordingly, it is **ORDERED** as follows:

1.     Plaintiff Rusty Weddle's Complaint (Doc. # 1) is **DISMISSED** with prejudice.

2.     This matter is **STRICKEN** from the active docket.

This 22nd day of August 2022.



**Signed By:**

*David L. Bunning*

**United States District Judge**

L:\DATA\ORDERS\PSO Orders\Weddle 0-22-41-DLB Memorandum RBW.docx